1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Raul Uriarte-Limon**, <br><br> Plaintiff, <br><br> v. <br><br> **Descansando Partners, LP,** a California Limited Partnership; **Casi Descansando, LLC,** a California Limited Liability Company; **VAP Auto Parts, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Raul Uriarte-Limon complains of Defendants Descansando Partners, LP, a California Limited Partnership; Casi Descansando, LLC, a California Limited Liability Company; VAP Auto Parts, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a

1

Complaint

1   paraplegic who uses a wheelchair.

2      2.   Defendants Descansando Partners, LP, and Casi Descansando, LLC
3   owned the property located at or about 18347 Valley Blvd, City of Industry,
4   California, in January 2016.

5      3.   Defendants Descansando Partners, LP, and Casi Descansando, LLC
6   own the property located at or about 18347 Valley Blvd, City of Industry,
7   California, currently.

8      4.   Defendant VAP Auto Parts, Inc. owned the Valley Auto Parts shop
9   ("Shop") located at or about 18347 Valley Blvd, City of Industry, California, in
10  January 2016.

11     5.   Defendant VAP Auto Parts, Inc. owns the Valley Auto Parts shop
12  ("Shop") located at or about 18347 Valley Blvd, City of Industry, California,
13  currently.

14     6.   Plaintiff does not know the true names of Defendants, their business
15  capacities, their ownership connection to the property and business, or their
16  relative responsibilities in causing the access violations herein complained of,
17  and alleges a joint venture and common enterprise by all such Defendants.
18  Plaintiff is informed and believes that each of the Defendants herein,
19  including Does 1 through 10, inclusive, is responsible in some capacity for the
20  events herein alleged, or is a necessary party for obtaining appropriate relief.
21  Plaintiff will seek leave to amend when the true names, capacities,
22  connections, and responsibilities of the Defendants and Does 1 through 10,
23  inclusive, are ascertained.

24

25  **JURISDICTION & VENUE:**

26     7.   This Court has subject matter jurisdiction over this action pursuant to
27  28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
28  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

Complaint

8.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to the Shop in January 2016 to shop.

11. The Shop is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking is one of the facilities, privileges and advantages offered by defendants to their customers at the Shop.

13. Although parking spaces are one of the facilities available to patrons of the Shop, there was not a single compliant accessible parking space for use by persons with disabilities in compliance with the Americans with Disability Act Accessibility Guidelines (ADAAG) in January 2016.

14. Plaintiff, on information and belief, alleges that an accessible parking space reserved and marked for persons with disabilities used to exist at this location.

15. Unfortunately, the defendants do not maintain the parking lot so that the parking spaces designed for use by persons with disabilities remain available.

16. Currently, there is not a single accessible parking space reserved for persons with disabilities available.

17. Additionally, the path of travel from the parking to the business entrances requires a person to navigate a step for which there is no ramp.

Complaint

1   18. The transaction counter is 39 inches in height. There is no lowered, 36

2   inch portion of counter for use by persons in wheelchairs.

3   19. Although there are shelves and merchandise aisles open to customers

4   for shopping, the path of travel in and throughout these merchandise aisles is

5   not accessible to wheelchair users because of the configuration of the store and

6   also because the defendants have a practice of placing merchandise and

7   merchandise display on the route of travel restricting passage to less than 36

8   inches in width.

9   20. The plaintiff personally encountered these violations and they denied

10   him full and equal access and caused him difficulty and frustration.

11   21. Plaintiff would like to return and patronize the Shop but will be deterred

12   from visiting until the defendants cure the violation.

13   22. This Shop is conveniently located.

14   23. The Shop is located about 12 miles from plaintiff's home.

15   24. Additionally, on information and belief, the plaintiff alleges that the

16   failure to remove these barriers was intentional because: (1) these particular

17   barriers are intuitive and obvious; (2) the defendants exercised control and

18   dominion over the conditions at this location and, therefore, the lack of

19   accessible facilities was not an "accident" because, had the defendants

20   intended any other configuration, they had the means and ability to make the

21   change.

22   25. The violations identified above are easily removed without much

23   difficulty or expense. They are the types of barriers identified by the

24   Department of Justice as presumably readily achievable to remove and, in fact,

25   these barriers are readily achievable to remove. Moreover, there are numerous

26   alternative accommodations that could be made to provide a greater level of

27   access if complete removal were not achievable.

28   26. Plaintiff is and has been deterred from returning and patronizing the

Complaint

Shop because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Shop as a customer once the barriers are removed.

27. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

28. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or

Complaint

accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

30. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

31. Here, the lack of any accessible, compliant parking is a violation of the law.

32. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4.

Complaint

33. Here, the unramped step is a violation of the ADA.

34. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

35. Here, no such accessible transaction counter has been provided in violation of the ADA.

36. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

37. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

38. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

39. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

40. Given its location and options, plaintiff will continue to desire to patronize the Shop but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

7

Complaint

1

2  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

3  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

4  Code § 51-53.)

5     41. Plaintiff re-pleads and incorporates by reference, as if fully set forth

6  again herein, the allegations contained in all prior paragraphs of this

7  complaint.

8     42. Because the defendants violated the plaintiff's rights under the ADA,

9  they also violated the Unruh Civil Rights Act and are liable for damages. (Cal.

10  Civ. Code § 51(f), 52(a).)

11     43. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

12  discomfort or embarrassment for the plaintiff, the defendants are also each

13  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

14  (c).)

15

16     **PRAYER**:

17     Wherefore, Plaintiff prays that this Court award damages and provide

18  relief as follows:

19     1. For injunctive relief, compelling Defendants to comply with the

20  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

21  plaintiff is not invoking section 55 of the California Civil Code and is not

22  seeking injunctive relief under the Disabled Persons Act at all.

23     2. Damages under the Unruh Civil Rights Act and/or the California

24  Disabled Persons Act, which provides for actual damages and a statutory

25  minimum of $4,000.

26

27

28

Complaint

1       3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4   Dated: June 23, 2016                     CENTER FOR DISABILITY ACCESS

5

6                                           By: _____

7                                       Mark Potter, Esq.
                                           Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint